IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAUREN BEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-747-GPM |
| | ) |
| BAYER CORPORATION, an Indiana corporation, BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware corporation, and BAYER HEALTHCARE, LLC, a Delaware corporation, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009). *Cf. Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007). In this action Plaintiff Lauren Bean asserts claims against Defendant Bayer Corporation ("Bayer"), Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer Healthcare"), and Defendant Bayer Healthcare, LLC ("Bayer LLC"), arising from personal injuries she allegedly suffered as a result of using an oral contraceptive called Yaz/Yasmin that is manufactured by Defendants. Her complaint asserts claims for strict products liability, negligence,

negligent and intentional misrepresentation, breach of express and implied warranties, and violations of the Illinois Uniform Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/1 *et seq.*, and seeks compensatory and punitive damages.[1]

The basis for federal subject matter jurisdiction alleged in the complaint in this case is diversity of citizenship, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no Plaintiff may be a citizen of the same state as any Defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 (S.D. Ill. May 19, 2009) (citing *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007)). Plaintiff, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*,

---

1. The Court notes that the complaint asserts, in addition to a prayer for punitive damages, a count for intentional and wanton conduct and punitive damages against Defendants. The Court is not aware of any freestanding claim for relief for willful and wanton conduct under Illinois law. *See Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-181-GPM, 2009 WL 2345117, at *1 n.1 (S.D. Ill. May 19, 2009). Also, punitive damages are, of course, an item of damages, not a substantive claim for relief within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure. *See Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1178 (D. Colo. 2002) (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999)). Finally, the Court notes that the DTPA is an unfair competition statute, not a consumer protection statute, *see Robinson v. Toyota Motor Credit Corp.*, 735 N.E.2d 724, 735 (Ill. App. Ct. 2000), *reversed in part on other grounds*, 775 N.E.2d 951 (Ill. 2002); *Chabraja v. Avis Rent A Car Sys., Inc.*, 549 N.E.2d 872, 876 (Ill. App. Ct. 1989), and provides only for awards of equitable relief, which is not sought in this case. *See* 815 ILCS 510/3; *Smith v. Prime Cable of Chicago*, 658 N.E.2d 1325, 1337 (Ill. App. 1 Dist. 1995); *Empire Home Servs., Inc. v. Carpet Am., Inc.*, 653 N.E.2d 852, 855 (Ill. App. Ct. 1995). However, Section 2 of the DTPA, 815 ILCS 510/2, is incorporated by reference into Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. *See* 815 ILCS 505/2; *Kremers v. Coca-Cola Co.*, Civil No. 09-333-GPM, 2009 WL 2365613, at *3 (S.D. Ill. July 24, 2009). The Court assumes that the complaint seeks in fact to assert a claim under the ICFA.

441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Mathes*, 2009 WL 2601364, at *1 (citing *Willis*, 2009 WL 2475285, at *1); *Sencon Sys., Inc. v. W.R. Bonsal Co.*, No. 85 C 8250, 1988 WL 33842, at *9 (N.D. Ill. Apr. 6, 1988) (citing *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251 (7th Cir. 1981)).

Turning then to an examination of the allegations of federal diversity jurisdiction in Plaintiff's complaint, the Court finds that Plaintiff has properly alleged that she is a citizen of Mississippi. Plaintiff also has properly alleged that Bayer is a corporate citizen of Indiana and Pennsylvania for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (explaining that the citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where it maintains its principal place of business, meaning, in the Seventh Circuit, the state where the corporation maintains its headquarters or "nerve center") (collecting cases). Plaintiff alleges further that Bayer is the sole member of Bayer LLC, thus establishing that Bayer LLC is a citizen of Indiana and Pennsylvania for diversity purposes. *See Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 840 (S.D. Ill. 2008) (citing *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 738 n.1 (S.D. Ill. 2006)) (the citizenship of a limited liability company for diversity purposes is the citizenship of each of the limited liability company's members); *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *2 (S.D. Ill. July 2, 2007) (same); *Lyerla*, 461 F. Supp. 2d at 837 n.1 (citing *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)) (same); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006) (same). Also, Plaintiff has properly alleged that an amount in excess of $75,000, exclusive of interest and costs, is in controversy between the parties. *See* 28 U.S.C. § 1332(a).

Unfortunately, Plaintiff alleges that Bayer Healthcare is a limited liability company organized under the laws of Delaware with its principal place of business in New Jersey. If Bayer Healthcare is a limited liability company, then Plaintiff must amend her complaint to allege the citizenship of each member of Bayer Healthcare. In her amended complaint Plaintiff must identify: (1) the state of which any natural person who is a member of Bayer Healthcare is a citizen, meaning the state where that person is domiciled, that is, physically present with an intent to remain there indefinitely; (2) the state where any corporation that is a member of Bayer Healthcare is incorporated and the state where the corporation maintains its principal place of business, defined, as noted, as the state where the corporation has its headquarters or nerve center; (3) the state of citizenship of the trustee or trustees of any trust that is a member of Bayer Healthcare, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust is that of its beneficiary or beneficiaries; and (4), if any member of Bayer Healthcare is a partnership, limited liability company, or other unincorporated association, the citizenship of every member of such an association. *See Mathes*, 2009 WL 2601364, at *2 (citing *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 n.1 (S.D. Ill. June 29, 2009)). The Court will order Plaintiff to file an amended complaint alleging properly the citizenship of Bayer Healthcare for diversity purposes.[2]

---

2. The Court notes that the online records of corporations maintained by the office of the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html, which the Court can judicially notice, *see Mathes*, 2009 WL 2601364, at *2 n.4; *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006), show that Bayer Healthcare in fact is a corporation, not a limited liability company. If so, the complaint in this case, which properly alleges the state where Bayer Healthcare maintains its principal place of business, must be amended to allege that Bayer Healthcare is a corporation and to allege the state under the laws of which Bayer Healthcare is incorporated.

To conclude, Plaintiff is hereby **ORDERED** to file an amended complaint to correct the defect in Plaintiff's pleading of federal subject matter jurisdiction identified in this Order on or before 12:00 p.m. on Monday, September 28, 2009.  Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[3]

**IT IS SO ORDERED.**

DATED:  September 23, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

3.   As a final matter, the Court notes that the jurisdictional allegations of Plaintiff's amended complaint should not be made "on information and belief." *See B & R Oil*, 2009 WL 1867677, at *2; *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).